{¶ 45} I respectfully dissent from the majority disposition. Unlike the majority, I conclude H.B. 261 does not apply in this case. My reasons for so concluding follow.
 {¶ 46} I find the distinction drawn by Judge Wise between "type" versus "scope" of coverage inconsequential, and his reliance on a footnote in Selander v. Erie Ins. Grp. (1985), 85 Ohio St.3d 541,1999-Ohio-287, misplaced.
 {¶ 47} In Selander, the accident occurred in 1992. Unlike the scenario presented in the case sub judice, H.B. 261 was not in existence on the date the policy was issued nor was it enacted in the interim between the date of issuance of the policy and the date of the accident. Selander did not involve analysis of a change in the policy prior to the accident or of a change in the statutory law subsequent to issuance of the policy. Because the accident in Selander occurred more than four years prior to the enactment of H.B. 261, it was not necessary to consider the impact the guaranteed two year policy period required by R.C. 3937.31(A) had on the outcome.
 {¶ 48} In Ross v. Farmers Ins. Grp. Of Cos. (1982),82 Ohio St.3d 281, 1998-Ohio-381, the Supreme Court quoted its earlier opinion of Goodale v. Fennell (1875), 27 Ohio St. 426, 432, wherein the Court stated, "[w]hen a contract is once made, the law then in force defines the duties and rights of the parties under it." Ross, supra at 287. The Ross Court also quoted its opinion in Weil v. State (1889),46 Ohio St. 450, 453, quoting Smith v. Parsons (1823), 1 Ohio 236, 242, "[c]ontracts must be expounded according to the law in force at the time they were made, and the parties are as much bound by a provision contained in a law, as if that provision had been inserted in, and formed part of the contract." Id. Although the syllabus language in Ross references "scope" of coverage, I conclude the principle of law upon which it relied extends beyond determinations involving merely scope of coverage.
 {¶ 49} In Selander, the Ohio Supreme Court cited with approval the following language found in St. Paul Fire and Marine Ins. Co. v. Gilmore
(1991), 168 Ariz. 159, 812 P.2d 977, 983, "the type of insurance policy is determined by the type of coverage provided, not by the label affixed by the insurer." Selander, supra at 546. Accordingly, we must determine what type of insurance policy appellant issued to appellee based upon the "type" of coverage provided, not based upon the "scope" of coverage provided. "Where motor vehicle liability coverage is provided, even in limited form, uninsured/underinsured coverage must be provided." Selander, supra at 544.[3]
 {¶ 50} Applying the foregoing principles to the case sub judice, because appellant issued its policy to appellee on September 20, 1996, the type of coverage provided therein is subject to analysis under the version of R.C. 3937.18 then in effect, i.e., pre-H.B. 261. Based upon that version of the statute, appellant's commercial general liability policy provided motor vehicle liability coverage. As such, appellant was required to offer Knight's Inn Dover UM/UIM coverage. Having failed to do so, UM/UIM coverage arose by operation of law on the date of issuance of the policy and such coverage continued for a minimum of two years thereafter pursuant to R.C. 3937.31(A). Wolfe v. Wolfe (2000),88 Ohio St.3d 246.
 {¶ 51} I find it unnecessary to express my agreement or disagreement with Judge Edward's analysis of R.C. 3937.30(C) at this time. Appellant did not advance this argument in its brief to this Court let alone identify in the record where it raised this argument in the trial court. Obviously, appellee has not had the opportunity to brief and/or argue this issue. As such, I do not believe the issue should be raised, sua sponte, by this Court.
 {¶ 52} I would find appellee is an insured under appellant's commercial general liability policy pursuant to Scott-Pontzer v.Liberty Mut. Ins. Co. (1999), 85 Ohio St.3d 660.
 {¶ 53} Having concluded appellant's commercial general liability policy was a motor vehicle liability, appellant's excess umbrella coverage likewise provided appellee UM/UIM coverage by operation of law. Accordingly, I find the exclusion therein relied upon by the majority does not bar appellee from coverage thereunder for the same reason theScott-Pontzer Court found coverage under the Liberty Mutual umbrella policy in that case.
 {¶ 54} Finally, although not addressed by the majority, I would overrule appellant's third assignment of error on the authority of Rohrv. Cincinnati Ins. (Mar. 28, 2002), Stark App. No. 2001CA00237,2002-Ohio-1583.
 {¶ 55} I would affirm the judgment of the trial court.
JUDGE WILLIAM B. HOFFMAN
[3] Though not addressed in the either of my colleagues opinions, I find the Business Auto Coverage Form contained in an endorsement to appellant's CGL policy provides an independent basis to find the policy was an "automobile insurance policy" under R.C. 3937.30.